REED MFG. CO. v. SMITH & WINCHESTER CO. et al.

(Circuit Court, D. Connecticut. July 31, 1900.)

PATENTS—INFRINGEMENT—COLLAR-IRONING MACHINE.

The Shaw patent, No. 608,720, for a collar turning and ironing machine, *held* not anticipated, valid, and infringed on a motion for preliminary injunction against a defendant manufacturing machines under patent No. 627,889, issued to Asher, over whom Shaw obtained an adjudication of priority in interference proceedings.

In Equity. Suit for infringement of a patent. On motion for preliminary injunction.

H. C. Lord and James D. Dewell, Jr., for complainant.
William E. Simonds, for defendants.

TOWNSEND, District Judge. Complainant is the owner of patent No. 608,720, granted August 9, 1898, to W. C. Shaw. One of the defendants is the manufacturer and the other is the selling agent of the machine claimed to be manufactured under patent No. 627,889, granted June 27, 1899, to the defendant Asher. The validity of the patent has never been adjudicated, but complainant relies on an adjudication of priority on interference proceedings. Infringement is alleged only as to the first claim of the patent in suit, which claim is as follows:

"(1) In a collar turning and ironing machine, the combination of a curved, flange-shaped former, over which the collar is folded and curved into proper shape for wear, a grooved iron arranged opposite the former, and means for moving the grooved iron into engagement with the former, and for moving one of said parts upon the other, substantially as set forth."

The only evidence introduced by respondents in opposition to the motion consists of an affidavit of Herbert S. Bullard, a United States patent, No. 287,865, granted November 1, 1883, to Martin H. Ryder, for a hat-curling machine, and a German patent to Rudolph Mindt of 1883. This evidence is insufficient to support the respondents' con-

tentions of noninfringement and invalidity. The only question in the case appears to be whether the patent deserves a broad or a narrow construction. The Ryder machine belongs to a different art. It is designed to curl and set hat brims. Its construction differs from that of Shaw, the object sought to be secured is different, and it could not be adapted to use in laundering collars without radical alterations. Fig. 5 of the Mindt patent shows a "saddle-shaped" mold, whose ridges lay themselves into the depression of a heated ironing roller. It is clear from the Mindt specification that it was not, as constructed, designed to perform the function of the machine of the patent in suit. It is not clear that its scope was not merely to iron the band and the face of the collar. In operation it was "not desirable * * * to iron both parts of the collar at the same time." Nor is it clear that this machine was not merely designed to iron new collars for the market, and not to fit laundered collars to the neck. The Mindt patent issued 15 years ago. The patent in suit appears to be a marked improvement thereon. Apparently the essence of Shaw's invention is to provide a machine whereby collars can be laundered in a circular shape fitted to the neck of the wearer, without breaking the edge of the collar. The meager presentation of the prior art shows nothing which anticipates this alleged invention. The machine is apparently novel, and is of great utility. In these circumstances the patentee should not be deprived of the benefit of the decision of priority as against this defendant obtained by interference proceedings in the patent office.

Since the foregoing memorandum was written, counsel for complainant has filed a reply brief, in which he contends, inter alia, that the Mindt machine merely takes collars in the rough, and irons them in the curve following the cut of the fabric at the fold, causing opposite curves for the outside and inside of the collar, all of which is either preliminary to the operation of the machine of the patent in suit, or would cause the collar, when afterwards folded and curved, to be subjected to severe strain. It would be inexpedient at this time to definitely pass upon these contentions. They accord with the views which were entertained upon inspection of the Mindt patent. Let an order be entered for a preliminary injunction.